**Ronald G. MEEKS, Claimant–Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent–Appellee.**

No. 99–7137.

United States Court of Appeals, Federal Circuit.

June 27, 2000.

Jeffrey Wood, York, Pennsylvania, argued for claimant-appellant.

Michael S. Dufault, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, argued for respondent-appellee. With him on the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; and James M. Kinsella, Deputy Director. Of counsel on the brief were Richard J. Hipolit, Acting Assistant General Counsel; and Michael J. Timinski, Attorney.

Before MAYER, Chief Judge,
SCHALL, and BRYSON, Circuit Judges.

MAYER, Chief Judge.

Ronald G. Meeks appeals from a judgment of the United States Court of Appeals for Veterans Claims, *Meeks v. West*, 12 Vet.App. 352 (Vet.App.1999), affirming the decision of the Board of Veterans' Appeals which denied entitlement to an effective date earlier than January 16, 1985, for a 100% rating for service-connected choroidal gyrate atrophy. We affirm.

*Background*

Meeks served on active duty in the United States Army from April 1966 to December 1969. In November 1970, within one year of his separation from service, he applied for disability compensation for choroidal gyrate atrophy, a progressive eye condition that gradually narrows one's field of vision. Due to incomplete service records, a VA Regional Office ("RO") denied his claim, informing him that it would consider his claim further when it received all of his medical records. No further action was taken until Meeks again sought benefits in 1985. On August 15, 1988, the Board of Veterans Appeals granted service connection for his eye condition. For the period December 10, 1969, Meeks' date of discharge, through January 16, 1985, the date his reopened claim was received, the RO assigned a 70% provisional rating pending a response to a request for an advisory opinion by the Director of the VA Compensation and Pension Service on the percent evaluation to which he determined Meeks was entitled. Pursuant to the Director's recommendation, in August 1989, the RO assigned a 0% rating effective from

Meeks' date of discharge to the date of the 1985 filing, and a 100% rating effective from January 1985. However, in April 1991, the board denied Meeks' claim for a compensable rating from 1969 to 1985.

Meeks appealed to the Court of Appeals for Veterans Claims, which held that the 1970 claim remained pending, vacated the board's 1991 decision, and remanded the case for readjudication. Upon remand, the RO assigned a "staged rating" reflecting the changes in the severity of Meeks' disability.[1] Specifically, the RO granted a 50% evaluation effective December 1969; a 60% evaluation effective June 1973; a 70% evaluation effective December 1974; and a 100% evaluation effective January 1985. Rejecting Meeks' argument that he was entitled to a 100% rating effective from his date of discharge, the board affirmed the staged rating and determined that Meeks could not prove 100% entitlement before November 1986. The board held that the RO's error of assigning a rating of 100% effective January 1985 was "non-prejudicial" and left the earlier date undisturbed.

Meeks again appealed to the Court of Appeals for Veterans Claims, arguing that because his 1970 claim remained pending, and a 100% rating was eventually awarded, he was entitled to 100% compensation from his date of discharge. Acknowledging that 38 U.S.C. § 5110(b)(1) (1994) is an exception to the general rule in section 5110(a) that an award of compensation shall "not be earlier than the date of receipt of application therefor," the Court of Appeals for Veterans Claims affirmed the board's retroactive award of a staged rating, holding that the "facts found" do not support a retroactive award of a 100% rating. This appeal followed.

*Discussion*

 We have limited jurisdiction to review the decisions of the Court of Ap-

---

1. 38 C.F.R. § 4.1 (1999) in pertinent part provides:

Over a period of many years, a veteran's disability claim may require re–ratings in accordance with changes in laws, medical

knowledge and his or her physical or mental condition. It is thus essential, both in the examination and in the evaluation of disability, that each disability be viewed in relation to its history.

peals for Veterans Claims. Our authority is limited to deciding relevant questions of law, including statutory interpretation. 38 U.S.C. § 7292(d)(1) (1994). We will set aside a regulation or interpretation of a regulation relied upon by the Veterans Court we find to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, privilege, or immunity; (3) in excess of statutory jurisdiction, authority or limitation, or in violation of a statutory right; or (4) without observance of procedure required by law." *Id.* Legal determinations are reviewed *de novo. See Dittrich v. West,* 163 F.3d 1349, 1351 (Fed. Cir.1998) (citing *Prenzler v. Derwinski,* 928 F.2d 392, 393 (Fed.Cir.1991)). Factual determinations or the application of law to facts are beyond the scope of our review. *See* 38 U.S.C. § 7292(d)(2).

█ In construing a statute or regulation, we begin by inspecting its language for plain meaning. *See Bazalo v. West,* 150 F.3d 1380, 1382 (Fed.Cir.1998). If the words are unambiguous, it is likely that no further inquiry is required. *See Cox v. West,* 149 F.3d 1360, 1363 (Fed.Cir.1998). If a statute is silent or ambiguous about a matter, the court gives deference to interpretations of the agency charged with the duty to administer it. *See NationsBank v. Variable Annuity Life Ins. Co.,* 513 U.S. 251, 256, 115 S.Ct. 810, 130 L.Ed.2d 740 (1995) ("[I]t is settled that courts give great weight to any reasonable construction of a regulatory statute adopted by the agency charged with the enforcement of that statute.") (internal citations omitted).

█ At issue on appeal is the interplay between subsections (a) and (b) of 38 U.S.C. § 5110 (1994), which determines the effective date from which a veteran is entitled to benefits. Section 5110(a) provides in relevant part: *"Unless specifically provided otherwise in this chapter, the effective date of an award* based on an original claim, a claim reopened after final adjudication, ... *shall be fixed in accordance with the facts found,* but shall not be earlier than the date of receipt of application therefor." Section 5110(b)(1) provides: *"The effective date* of an award of disability compensation to a veteran *shall be the day following the date of the veteran's discharge or release if application therefor is received within one year from such date of discharge or release."* 38 U.S.C. § 5110(a) and (b) (emphasis added). As the plain language makes clear, subsection (b) provides a limited exception to the rule found in subsection (a), governing the effective date of an award.

█ Meeks conflates what are in fact two distinct issues, involving separate inquiries: the determination of the date from which an award is effective, and the quantum of the award to which a veteran is entitled. As for the effective date of Meeks' award, it is undisputed that his claim falls under subsection (b), thereby entitling him to compensation from his date of discharge. But he takes issue with the refusal to retroactively apply his 100% rating to his date of discharge, because the "facts found" did not justify such an award. Specifically, Meeks argues that because he applied for benefits within a year of his discharge and the status of his claim remained pending until he reapplied and received a 100% rating, he is entitled to compensation for 100% disability from his date of discharge. In other words, he argues that the court erred by importing the "facts found" limitation of subsection (a) into subsection (b); unless we read subsection (b) in isolation, without regard to the "facts found" limitation of subsection (a), the phrase "[u]nless specifically provided otherwise in this chapter," found in subsection (a), would be rendered superfluous. However, statutory interpretation is a holistic endeavor that requires consideration of a statutory scheme in its entirety. *See United States Nat. Bank of Ore-*

*gon v. Independent Ins. Agents of Am., Inc.,* 508 U.S. 439, 454–55, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993). "[A] statute is to be construed in a way which gives meaning and effect to all of its parts," *Saunders v. Secretary of the Dep't of Health & Human Servs.,* 25 F.3d 1031, 1035 (Fed.Cir.1994), and the Supreme Court has repeatedly stressed that "[i]n expounding a statute, we [must] not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." *Massachusetts v. Morash,* 490 U.S. 107, 115, 109 S.Ct. 1668, 104 L.Ed.2d 98 (1989).

 Because the object of section 5110 is only to determine the date from which compensation shall be awarded, not to determine the rating or level of compensation that will apply from the time an award is deemed effective, Meeks' argument challenging the Court of Appeals for Veterans Claims' refusal to retroactively apply his 100% rating must fail. From the record it is clear that by referencing the "facts found" limitation found in subsection (a), the court did not deprive Meeks of anything he would otherwise be entitled to. The facts showed that his claim fell within the ambit of subsection (b), and the court accordingly determined that he was entitled to compensation from his date of discharge. But the "date of award" inquiry has nothing to do with the amount of compensation a claimant will receive, or the date from which a rating will apply. Nothing in the plain language of the disputed provisions suggests that a particular rating should apply retroactively, without regard to the facts surrounding a veteran's claim and whether the evidence would support such an award. The duty to assist veterans does not include granting benefits that cannot be supported in law and by the facts of a particular case. *See Collaro v. West,* 136 F.3d 1304, 1308 (Fed.Cir.1998) (discussing the balance struck between assisting veterans and protecting the interests of the government).

*Conclusion*

Accordingly, the judgment of the United States Court of Appeals for Veterans Claims is affirmed.

*AFFIRMED.*