MICHEL, Circuit Judge.
Carolyn J. Patrick appeals from the decision of the Court of Appeals for Veterans Claims affirming a May 6, 1999 Board of Veterans’ Appeals (“BVA”) decision that determined that a March 1986 BVA decision denying her claim for dependency and indemnity compensation (“DIC”) benefits did not contain clear and unmistakable error. Patrick v. Principi, No. 99-916, 2002 WL 31770858 (Vet.App. Aug. 13, 2002). The court applied an incorrect legal standard in determining that the presumption of soundness under 38 U.S.C. § 1111 was rebutted. Accordingly, we vacate and remand for further consideration under the correct standard.
BACKGROUND
Mrs. Patrick filed her DIC claim in February 1985, following the death of her vet *384 eran-husband, James Curtís Patrick. Mr. Patrick served on active duty in the United States Army from August 1958 through May 1959. No preexisting abnormalities or diseases were noted during Mr. Patrick’s medical examination upon entry into service. He was, however, diagnosed with “[rjheumatic heart disease” and “mild congestive failure” as a result of subsequent in-service medical examinations, and was discharged on May 1, 1959 with a notation of a physical disability that existed prior to service.
From the time he was discharged from the service until shortly before his death in January 1985, Mr. Patrick unsuccessfully pursued a claim for service connection for rheumatic heart disease at the VA regional office (“RO”). An April 1985 RO decision and a March 1986 BVA decision on Mrs. Patrick’s DIC claim likewise denied service connection for the cause of Mr. Patrick’s death. According to the 1986 BVA decision, “data obtained for clinical purposes during service unequivocally established the preservice existence of the rheumatic heart disease” and “examination of the clinical evidence in its entirety fails to demonstrate that the veteran’s antecedent rheumatic heart disease worsened during” his service. In re Patrick, No. 86-01 557, slip op. at 8 (Bd.Vet.App. Mar. 14, 1998). In May 1999, the BVA held that the March 1986 BVA decision did not contain clear and unmistakable error because
there was ample evidence of record ... justifying the [BVA’s] conclusion that the veteran’s rheumatic heart disease did, in fact, preexist his active service. Moreover, ... there was more than adequate evidence showing that the veteran’s preexisting heart disorder underwent no permanent increase in severity during his period of active service.
In re Patrick, No. 97-33 006A, slip op. at 11 (Bd.Vet.App. May 6,1999).
The Court of Appeals for Veterans Claims affirmed. It noted that “the 1999 Board thoroughly considered the medical evidence of record and reasonably concluded that there was ‘ample evidence’ justifying the 1986 Board decision that the evidence ‘unequivocally’ rebutted the presumption of soundness.” Patrick, No. 99-916, slip op. at 12. It further stated that “[t]he presumption of aggravation applies only when the preservice disability increased in severity during service,” and upheld as “well-supported by the record” the 1999 BVA determination “that the 1986 Board correctly found no in-service increase in the severity of Mr. Patrick’s disability.” Id. at 14.
Mrs. Patrick timely appealed, arguing that section 1111 requires clear and unmistakable evidence both that an injury or disease pre-existed service and that any such injury or disease was not aggravated by service. Accordingly, she contends, the Court of Appeals for Veterans Claims’ interpretation (as requiring only the former) was erroneous.
DISCUSSION
Our jurisdiction under 38 U.S.C. § 7292 to review decisions of the Court of Appeals for Veterans Claims extends to the legal issue presented in this appeal. See Szemraj v. Principi, 357 F.3d 1370, 1374-75 (Fed.Cir.2004) (citing Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc)). We review legal determinations of the Court of Appeals for Veterans Claims without deference. Meeks v. West, 216 F.3d 1363,1366 (Fed.Cir.2000).
This court recently examined the language and legislative history of section 1111, and concluded that where no preexisting condition is noted upon entry into service, “the government must show clear and unmistakable evidence of both a *385 preexisting condition and a lack of in-service aggravation to overcome the presumption of soundness for wartime service under” that section. Wagner v. Principi, 370 F.3d 1089, 1096 (Fed.Cir.2004). However, we rejected the argument, advanced both by the appellant in Wagner and by Mrs. Patrick, that section 1111 in effect creates a presumption of aggravation. Id. at 1093-94. Thus, we held that “[t]he government may show a lack of aggravation” — and deny service-connection compensation — “by establishing that there was no increase in disability during service or that any ‘increase in disability [was] due to the natural progress of the’ preexisting condition.” Id. at 1096 (quoting 38 U.S.C. § 1153). .
Mrs. Patrick does not challenge the determination of the Court of Appeals for Veterans Claims that the 1999 BVA correctly found no clear and unmistakable error in the 1986 BVA finding that the government had demonstrated that Mr. Patrick’s condition preexisted his service by clear and unmistakable evidence. To rebut the section 1111 presumption of soundness, however, the government must also show, by clear and unmistakable evidence, “that the preexisting disability was not aggravated during service.” Id. at 1097. Consequently, we remand for further consideration of Mrs. Patrick’s claim.
COSTS
No costs.