# United States Court of Appeals for the Federal Circuit

2009-7012

RANDALL D. REIZENSTEIN,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.


Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas argued for claimant-appellant.

Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Tara K. Hogan, Trial Attorney. Of counsel were Michael J. Timinski, Deputy Assistant General Counsel, and Dana Raffaelli, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

# United States Court of Appeals for the Federal Circuit

2009-7012

RANDALL D. REIZENSTEIN,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-1925, Judge Lawrence B. Hagel.

—————————————————

DECIDED: September 29, 2009

—————————————————

Before NEWMAN, MAYER, and PROST, Circuit Judges.

Opinion for the court filed by Circuit Judge PROST. Dissenting opinion filed by Circuit Judge MAYER.

PROST, Circuit Judge.

Randall Reizenstein appeals the July 16, 2008 decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") holding that 38 C.F.R. § 3.343(a) does not apply to assignments of retrospective staged ratings that include a temporary total disability rating. For the reasons set forth below, we affirm. Although we agree with the Veterans Court that § 3.343(a) is directed to prospective ratings, this does not mean that the VA is excused from providing its reasons for all changes in disability ratings, whether prospective or retrospective.

## I. BACKGROUND

Mr. Reizenstein served on active duty in the United States Marine Corps from May 1968 to May 1970, the United States Army from November 1974 to July 1977, and the United States Navy from December 1980 to February 1981. During his time in the Marine Corps, he served in Vietnam.

In 1996, Mr. Reizenstein filed a claim for benefits for post-traumatic stress disorder ("PTSD"). A Department of Veterans Affairs ("VA") regional office denied his claim in 1997 because it found that there was "no confirmed diagnosis of posttraumatic stress disorder which would permit a finding of service connection." In March 1998, Mr. Reizenstein was admitted to a VA medical center. Upon his discharge, he was diagnosed with, among other conditions, alcohol dependence, "post-traumatic stress disorder by history," dysthymia, and personality disorder. In August 1998, he filed a Notice of Disagreement with the 1997 regional office decision. Several months later, the regional office assigned him a 30% disability rating effective November 7, 1996. Mr. Reizenstein filed another Notice of Disagreement, and proceedings on his claim continued for several years. In March 2006, the Board of Veterans' Appeals ("Board") issued a decision awarding Mr. Reizenstein the following retrospective staged rating:

| | |
|---|---|
| November 7, 1996–December 1, 1996: | 30% |
| December 2, 1996–March 21, 1998: | 50% |
| March 22, 1998–May 5, 1999: | 100% |
| May 6, 1999–present: | 30% |

The Board's decision to grant a temporary period of total disability beginning on March 22, 1998, was based on its finding that Mr. Reizenstein's condition appeared to have become more severe as of the date that he was admitted to the hospital. Although the treatment record for Mr. Reizenstein's hospital stay gave a primary diagnosis of

alcohol dependence and did not indicate a PTSD diagnosis, the Board noted that the record "did not <u>exclude</u> the possibility" that Mr. Reizenstein's condition was caused at least in part by PTSD and decided to resolve any doubt about the cause of his condition in his favor. The Board's decision to limit the total disability stage to between March 22, 1998 and May 5, 1999 was based on a May 6, 1999 VA mental health treatment note that stated that the severity of Mr. Reizenstein's condition had abated. Specifically, the note reported that Mr. Reizenstein denied depression, reported normal sleep patterns, and was neatly groomed. The Board also found that subsequent medical records did not support giving Mr. Reizenstein a rating of greater than 30% for any period of the staged rating occurring after May 6, 1999.

On appeal to the Veterans Court, Mr. Reizenstein alleged several errors in the Board's decision. First, he argued that the Board failed to provide an adequate statement of the reasons and bases for its decision not to award a total disability rating for each of the periods of the staged rating for which a lesser rating was given. He also challenged the Board's decision to begin his total disability rating on March 22, 1998. Finally, he asserted that the Board improperly reduced his total disability rating on May 5, 1999, without providing the examination required by 38 C.F.R. § 3.343(a), which provides in relevant part:

> Total disability ratings, when warranted by the severity of the condition and not granted purely because of hospital, surgical, or home treatment, or individual unemployability will not be reduced, in the absence of clear error, without examination showing material improvement in physical or mental condition.

The Veterans Court found that the Board adequately stated the reasons and bases underlying the staged rating award. <u>Reizenstein v. Peake</u>, 22 Vet. App. 202,

209-11 (2008). Additionally, it concluded that the Board did not violate § 3.343(a) because that regulation only applies to prospective reductions of total disability ratings, and not to retrospective staged ratings such as the one given to Mr. Reizenstein. Id. at 209. In the Veterans Court's view, the text and history of § 3.343(a) demonstrated that it was enacted to protect veterans who were reliant on the compensation accompanying their total disability rating for day-to-day expenses from arbitrary reductions in their rating without adequate evidence of improvement. Id. at 207. The Veterans Court concluded that applying § 3.343(a) to staged ratings would not advance that purpose because staged ratings provide retrospective, lump sum payments that are made after the period for which the compensation was owed. Id. at 209. Additionally, the Veterans Court explained that

> [r]equiring VA to 'halt adjudication' after assigning a temporary total disability rating as part of a staged rating to obtain a new medical examination would discourage the use by VA of staged ratings that include a period of temporary total disability and would often result in compensation being paid to a claimant at a higher level than he might otherwise be entitled to for a period of time.

Id.

Mr. Reizenstein appeals the Veterans Court's decision with respect to the applicability of § 3.343(a). We have jurisdiction under 38 U.S.C. § 7292.

## II. DISCUSSION

> We review interpretation of regulations by the Veterans Court de novo and may set aside any regulation or interpretation of a regulation that we find to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to a constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observation of a procedure required by law.

Smith v. Nicholson, 451 F.3d 1344, 1347 (Fed. Cir. 2006). Absent a constitutional issue, our jurisdictional statute, 38 U.S.C. § 7292, prohibits us from reviewing a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2).

As a threshold matter, we note that Mr. Reizenstein does not—and, because of our limited jurisdiction, likely cannot—argue on appeal that the May 6, 1999 VA treatment note is insufficient to support a conclusion that he was not totally disabled as of that date. Instead, his argument is that regardless of the sufficiency of the evidence, the VA is prohibited by regulation from ending the total disability period of his staged rating without complying with 38 C.F.R. § 3.343(a). Our review is confined to the narrow issue of whether § 3.343(a) applies to periods of total disability assigned as part of a retrospective staged rating. We are not asked to review any other of the panoply of statutory and regulatory provisions relating to VA ratings decisions, whether prospective or retrospective. The evidentiary protections afforded thereby remain in place.

Mr. Reizenstein presents the issue on appeal as a conflict between the VA's regulation, § 3.343(a), and staged ratings, which he characterizes as a "judicially created rule of law." According to Mr. Reizenstein, the staged ratings "rule of law" was created by the Veterans Court in Fenderson v. West, 12 Vet. App. 119 (1999). In that case, the Veterans Court recognized that "separate ratings can be assigned for separate periods of time based on facts found." Id. at 126 (quoting the VA's supplemental brief in that case). In Mr. Reizenstein's view, the Veterans Court erred by relying on the "staged ratings rule of law" to excuse the VA from compliance with § 3.343(a). Additionally, Mr. Reizenstein asserts that the Veterans Court incorrectly

followed its own "rule of law" instead of deferring to the VA's regulation as required by Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).

In response, the government asserts that Mr. Reizenstein frames the appeal incorrectly. According to the government, the use of staged ratings is not a "rule of law" that was created in Fenderson. Instead, the government characterizes the use of staged ratings as a practice that the VA has followed for many years in order to assign "the most precise disability rating—one that accounts for the possible dynamic nature of a disability while the claim works its way through the adjudication process." O'Connell v. Nicholson, 21 Vet. App. 89, 93 (2007). In support of this position, the government points out that the court in Fenderson noted that the VA's brief acknowledged the use of staged ratings. See Fenderson, 12 Vet. App. at 126. We agree with the government that the use of staged ratings is more properly viewed as a VA practice than as a Veterans Court "rule of law." See 38 C.F.R. § 4.1; see also Meeks v. West, 216 F.3d 1363, 1365 (Fed. Cir. 2000). Accordingly, we also conclude that Mr. Reizenstein's argument about Chevron deference is without merit. This follows because once the "rule of law" is properly recognized as a VA practice, it becomes clear that the Veterans Court was not applying its own "rule of law," but rather was adopting the agency's interpretation of the applicability of its own regulation. The remaining question, then, is whether the VA's interpretation that § 3.343(a) does not apply to retrospective staged ratings is permissible.

"[T]he agency's construction of its own regulations is 'of controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" Cathedral Candle Co. v. U.S. Int'l Trade Comm'n, 400 F.3d 1352, 1364 (Fed. Cir. 2005) (quoting Bowles v.

Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945)). "That generous degree of deference is due to an agency interpretation of its own regulations even when that interpretation is offered in the very litigation in which the argument in favor of deference is made." Id. In cases in which the agency offers its interpretation for the first time in its briefs during litigation, the agency is entitled to deference so long as there is "no reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question." Id. (quoting Auer v. Robbins, 519 U.S. 452, 462 (1997)).

Mr. Reizenstein challenges the government's claim to deference on two grounds. First, he argues that the VA's position that § 3.343(a) does not apply to total disability ratings that are awarded as part of a staged rating is merely the VA's post-hoc rationalization for its decision to reduce his rating without providing the requisite examination. As such, Mr. Reizenstein argues, deference is inappropriate. See Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 213 (1988) ("Deference to what appears to be nothing more than an agency's convenient litigating position would be entirely inappropriate."). Second, Mr. Reizenstein asserts that the VA's interpretation is inconsistent with the plain language and clear intent of the regulation and is thus impermissible even if deference is given.

We disagree with Mr. Reizenstein's assertion that the VA's interpretation is not entitled to deference because it is merely a litigation position. In order to defeat the VA's claim to deference, Mr. Reizenstein must give us a "reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question." Cathedral Candle, 400 F.3d at 1364 (quoting Auer, 519 U.S. at 462). He

attempts to do so by citing a portion of the Veterans Court's decision in O'Connell in which the court noted that the government's counsel stated at oral argument, "in a stark departure from his brief," that "§§ 3.343 and 3.344 apply whenever a rating is reduced, including in the staged-ratings context." 21 Vet. App. at 92. However, that case involved the VA's interpretation of 38 C.F.R. § 3.105(e) in the context of a staged rating and the court specifically pointed out that "Mr. O'Connell raises no argument with respect to the manner in which the Board applied §[] 3.343" and that it "need not decide that precise issue here." Id. Given that the opinion expressed by the attorney at oral argument was contrary to the position the VA took in its briefs and was unnecessary to the issue being decided, we decline to view it as preventing us from concluding that the VA's current position is its considered and legitimate interpretation of § 3.343(a). See Abbott Labs. v. United States, 573 F.3d 1327, 1332-33 (Fed. Cir. 2009).

Mr. Reizenstein also points out that the government's brief before the Veterans Court in this case requested a remand to "consider and address the potential applicability of § 3.343 in the first instance." Instead of remanding, the Veterans Court asked the VA to submit a memorandum regarding the history of § 3.343(a) and the VA's practice in applying it. Reizenstein, 22 Vet. App. at 206. In its memorandum, the VA explained its view that § 3.343(a) only applies to prospective total disability ratings and does not apply to total disability ratings that are part of a retrospective staged rating. Id. The memorandum also included a statement in support of the VA's position from Bradley Flohr, Assistant Director of Policy for the Compensation and Pension Service. Id. In light of the VA's supplemental memorandum, we conclude that the position presented to the Veterans Court and to us on appeal is the product of the VA's "fair and

considered judgment" and is accordingly entitled to deference.  Cathedral Candle, 400 F.3d at 1364 (quoting Auer, 519 U.S. at 462).

As mentioned above, the VA's interpretation of its own regulations is "controlling unless plainly erroneous or inconsistent with the regulation."  Auer, 519 U.S. at 461 (quotation marks omitted).  This deference "is broader than deference to the agency's construction of a statute, because in the latter case the agency is addressing Congress's intentions, while in the former it is addressing its own."  Cathedral Candle, 400 F.3d at 1363-64.  In this case, the VA's interpretation of § 3.343(a) satisfies this deferential standard of review.

The regulation provides as follows:

§ 3.343 Continuance of total disability ratings.

(a) General. Total disability ratings, when warranted by the severity of the condition and not granted purely because of hospital, surgical, or home treatment, or individual unemployability will not be reduced, in the absence of clear error, without examination showing material improvement in physical or mental condition.  Examination reports showing material improvement must be evaluated in conjunction with all the facts of record, and consideration must be given particularly to whether the veteran attained improvement under the ordinary conditions of life, i.e., while working or actively seeking work or whether the symptoms have been brought under control by prolonged rest, or generally, by following a regimen which precludes work, and, if the latter, reduction from total disability ratings will not be considered pending reexamination after a period of employment (3 to 6 months).

38 C.F.R. § 3.343(a) (emphasis added).  The government argues that the language of the regulation, including the use of the word "continuation" in the title and "reduced" in the text, suggests that the regulation was intended to be applied to existing ratings that are reduced on a prospective basis.  We conclude that the text of the regulation does not unambiguously answer the question of whether the regulation applies in the context

of a staged rating where the VA looks backwards and, in a single ratings decision, retroactively assigns specific ratings to discrete time periods.

We further conclude that the government's interpretation of the regulation is reasonable. The government explains that the purpose of § 3.343(a) is to protect veterans who are dependent on the monthly compensation that accompanies their total disability rating from a sudden and arbitrary reduction in their benefits that could jeopardize their ability to pay for day-to-day necessities. Applying this regulation in the context of a retrospective staged rating, however, would not advance this purpose because the benefits for the past periods of disability are distributed in a lump sum that is paid on top of the veteran's on-going disability compensation, if any. In other words, the money awarded for a staged rating is compensation for a past period of disability and is independent of the veteran's entitlement to continuing benefits, and is thus significantly less likely to be the veteran's only source of funds for paying current and on-going expenses. The government's reasoning with respect to the applicability of § 3.343(a) is consistent with its interpretations of other regulations that govern procedural requirements for reductions in ratings or compensation. See, e.g., O'Connell, 21 Vet. App. 89 (holding that 38 C.F.R. § 3.105(e), which provides for notice and an opportunity for the veteran to submit evidence prior to a reduction in compensation, did not apply in the staged ratings context); VA General Counsel Opinion 1-2007 (explaining that 38 C.F.R. § 3.105(e) did not apply to a retroactive reinstatement of a total disability based on individual unemployability rating).

Additionally, the government points out that applying § 3.343(a) to retrospective staged ratings could result in dramatic overcompensation and might discourage the VA

from awarding total disability awards as part of staged ratings for conditions for which the rating decision is flexibly based on the totality of the evidence. See, e.g., 38 C.F.R. § 4.126 (evaluation of disability from mental disorders). This is because the VA would be unable to end a period of total disability in a staged rating unless there happened to have been a medical examination that satisfied § 3.343(a). Absent a qualifying medical examination, the VA would be compelled to compensate the veteran for that time as if he was totally disabled even if the evidence otherwise showed that a total disability rating was not warranted. For example, in this case, the Veterans Court found that if it adopted Mr. Reizenstein's position, "it is possible that he would be overcompensated at a 100% rating for as many as 9 years." Reizenstein, 22 Vet. App. at 209 n.4. The VA reasonably concluded that in the absence of the special concern about taking away the livelihood of a totally disabled veteran who is dependent on his monthly compensation, the extra protection provided by § 3.343(a) was not necessary, given that veterans who are dissatisfied with their staged ratings can, as Mr. Reizenstein has done in this case, challenge the VA's decision to end the period of total disability.[1] See id. at 209-11 (concluding that the Board adequately stated the reasons and bases for Mr. Reizenstein's staged rating); see also 38 U.S.C. § 7105 (providing for notices of disagreement and appeals).

It is important to note that the inapplicability of § 3.343(a) does not give the VA license to arbitrarily terminate periods of total disability that are assigned as part of a

---

[1] We disagree with the dissent's suggestion that we are "ignoring" § 3.343(a) in order to promote what we have chosen to be the policy goals of the regulation. Contrary to the dissent's characterization of the case, it is the VA that has made a policy choice in this case.

staged rating. Rather, in cases such as this in which the Board awards a staged rating with a temporary period of total disability, 38 U.S.C. § 7104(d)(1) requires that the Board provide "a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record." This statement must "contain clear analysis and [a] succinct but complete explanation[]," Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990), of the decision to terminate a temporary period of total disability. In this case, the Veterans Court concluded that the Board's reliance on the May 6, 1999 VA treatment note and a subsequent examination provided an adequate basis for its decision to end Mr. Reizenstein's period of total disability as of May 6, 1999.

## III. CONCLUSION

Because the VA's interpretation of the applicability of § 3.343(a) is not "plainly erroneous or inconsistent with the regulation," Seminole Rock, 325 U.S. at 414, we affirm the Veterans Court's decision that § 3.343(a) does not apply to the total disability stage of Mr. Reizenstein's retrospective staged rating.

## COSTS

Each party shall bear its own costs.

## AFFIRMED

# United States Court of Appeals for the Federal Circuit

2009-7012

RANDALL D. REIZENSTEIN,

Claimant-Appellant.

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-1925, Judge Lawrence B. Hagel.

MAYER, <u>Circuit Judge</u>, dissenting.

I respectfully dissent because the Court of Appeals for Veterans Claims has impermissibly failed to apply 38 C.F.R. § 3.343(a) to Reizenstein's retroactive staged ratings. The text of the regulation is clear: "[t]otal disability ratings . . . will not be reduced, in the absence of clear error, without examination showing material improvement in physical or mental condition." This rule is neither permissive, optional, or discretionary, nor does it state any exception for staged ratings.

After requesting supplemental briefing from the Department of Veterans Affairs, the Veterans Court accepted its litigation inspired position that section 3.343(a) does not apply to staged ratings because "the concept of a staged rating necessitates that some incremental time periods are rated as less than total based on the evidence of record," and because staged ratings are applied retrospectively while section 3.343(a) is prospective in nature. In support of its conclusion, the court cited not the current section 3.343(a), but the <u>title</u> of its March 27, 1934, ancestor, Instruction 3, Paragraph 5 of

Veterans Regulation Number 3, which read "Continuance of total disability ratings heretofore made." It reasoned that the presence of the word "heretofore" suggests that the regulation was intended only for prospective ratings (the only kind that existed at the time) and carried forward this limitation to today's regulation, which bears a different title. Reizenstein v. Peake, 22 Vet. App. 202, 207 (2008).

Prospective or retrospective, the regulation is as clear as it is functional, and I do not see anything that allows this court to ignore the unambiguous language that total disability ratings will not be reduced outside prescribed conditions. The nature of applying staged ratings retrospectively in no way disables the board from complying with section 3.343(a) by applying a 100% rating where warranted and maintaining the rating until such time as there has been an examination showing material improvement in physical or mental condition. This is consistent with the need for retroactive ratings in the first place: a retroactive rating is granted by standing in the position of a veteran on the date of his claim, then looking forward from that point.

The majority says that the department is not excused from providing its reasons for all changes in disability ratings, regardless of whether the change is prospective or retrospective. I agree, and that is precisely what is required by section 3.343(a) because the reasons would necessarily include a medical examination. The majority should apply this holding to Ronald Reizenstein's situation as well.

Furthermore, I cannot agree with the majority's reasoning that a regulation can be ignored when its application would not further the policy goals judges decide were intended by the promulgation of the regulation. This makes a mockery of the literal text

and invites the judiciary to cherry-pick among policies purportedly the source of the regulation even though the text speaks for itself.

Of course we must defer to an agency's interpretation of its own regulations, unless the interpretation is "plainly erroneous or inconsistent with the regulation." Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945). But, surely, ignoring the regulation is inconsistent with the regulation.