NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAUL E. ROBINSON,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1721

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-3751, Judge William S. Greenberg.

---

Decided:  December 2, 2025

---

PAUL E. ROBINSON, Milwaukee, WI, pro se.

CATHERINE M. YANG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE; CARLING KAY BENNETT, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

Paul Robinson appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a denial by the Board of Veterans' Appeals ("Board") of his claim to an earlier effective date for his total disability ("TDIU") rating. Because Mr. Robinson only raises issues that are beyond our jurisdiction to review, we *dismiss.*

## BACKGROUND

Mr. Robinson served in the U.S. Army National Guard as a patient-care specialist and medical specialist from December 1976 to April 1977 and from May 1978 to August 1979. In February 2000, he claimed a service-connected acquired psychiatric disorder. Mr. Robinson supported the claim with a private psychiatrist's note indicating a diagnosis of major depressive disorder ("MDD") and post-traumatic stress disorder ("PTSD"). A regional office denied service connection in August 2000

On February 11, 2008, Mr. Robinson filed a claim for MDD, and on February 3, 2009, he applied for a TDIU rating. A regional office issued a rating decision on August 13, 2009, finding service-connected MDD rated at 50% effective February 11, 2008, which combined with partial ratings for other service-connected disabilities to put Mr. Robinson above the 70% schedular criterion for TDIU. The regional office found that Mr. Robinson became qualified for TDIU on February 11, 2008, with benefits beginning on July 1, 2008 (being briefly delayed because of the receipt of benefits under another temporary 100% rating).

A series of overlapping proceedings and Veterans Court appeals followed. Relevant to the appeal before us, Mr. Robinson sought an earlier effective date for his MDD

rating of February 28, 2000, which the Board granted upon finding a clear and unmistakable error ("CUE"). The Veterans Court remanded the case for the Board to consider whether Mr. Robinson's TDIU rating, as an issue "inextricably intertwined" with the MDD rating, ought to be similarly dated 2000. S. App'x 5.[1] On February 27, 2023, the Board concluded that Mr. Robinson was not entitled to a TDIU effective date earlier than July 1, 2008. The Board found that Mr. Robinson met the schedular criteria for unemployability as of the earlier date but that "his nonservice-connected back condition is the reason why he [was] unemployable, prior to July 1, 2008." S. App'x 16, 19. Mr. Robinson appealed to the Veterans Court, and on December 23, 2024, the Veterans Court affirmed. Mr. Robinson then timely appealed to this court.

## DISCUSSION

We have jurisdiction to review decisions of the Veterans Court only with respect to a question of "a rule of law or of any statute or regulation" or "any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). Without an underlying constitutional issue, this Court may not review the Veterans Court's factual determinations or its application of law to facts. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010); *Reizenstein v. Shinseki*, 583 F.3d 1331, 1334 (Fed. Cir. 2009).

In his informal brief, Mr. Robinson asserts several errors by the Veterans Court.

---

[1] "S. App'x" refers to the Supplemental Appendix submitted by the Secretary. Dkt. No. 16.

First, Mr. Robinson argues that the Veterans Court earlier required the Board to apply *Ray v. Wilkie*, a Veterans Court case requiring the Board to define the contextually dependent term "substantially gainful occupation" in terms of both economic and noneconomic circumstances surrounding a veteran when considering a veteran's TDIU rating. Addendum to Appellant's Informal Br. 1; *see also Ray v. Wilkie*, 31 Vet. App. 58, 73 (2019); 38 C.F.R. § 4.16 (defining the standard for TDIU including inability "to secure or follow a substantially gainful occupation as a result of service-connected disabilities"). He argues that the most recent decision of the Veterans Court did not require the Board to comply with its earlier ruling on considering his economic and noneconomic evidence when applying *Ray*. At bottom, this is an argument that the Veterans Court misapplied the law to his facts. But an alleged misapplication of law to facts is not within our jurisdiction.

Second, Mr. Robinson appears to contend that the finding of clear and unmistakable error that resulted in the Board's grant of a February 2000 effective date for MDD should apply equally to his TDIU claim. He notes that the psychiatrist's diagnosis of MDD supporting his 2000 effective-date claim was accompanied by a diagnosis of PTSD. He alleges that the Board wrongly disregarded the impact of PTSD and incorrectly treated the TDIU as a standalone claim independent of the MDD claim. But the import of the PTSD evidence and the relationship of MDD with the TDIU question—including whether Mr. Robinson's MDD was the cause of his unemployability—are factual matters that we lack jurisdiction to review.

Finally, Mr. Robinson alleges "Violations of Constitutional rights and Due process." Addendum to Appellant's Informal Br. 5. However, his arguments are directed to the difficulties of proceeding pro se, the lack of qualifications of witnesses and officials, and an alleged abuse of

power on the part of the Veterans Administration. These are not colorable constitutional issues. An appellant's characterization of a question "as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

Because we do not have jurisdiction over any of the issues Mr. Robinson raises in this appeal, we dismiss.

## DISMISSED

### COSTS

No costs.