KASOLD, Chief Judge,
with whom PIETSCH, Judge, joins, dissenting in part:
I write separately to note that I dissent from that part of the opinion that states “the Court retains jurisdiction over all finally decided issues, regardless of whether the NOA itself or. the subsequent briefing narrows the issues on appeal.” Ante at 283 (emphasis added). Whether the Court has jurisdiction over all issues finally decided in the Board’s published decision— when an NOA is limited specifically to one of several issues finally decided by the Board in its published decision — is an issue that is not raised by the record in this case, and addressing this issue is wholly unnecessary to resolution of the appeal. As such, it is dicta. See Black’s Law Dictionary 1100 (7th ed.1999) (defining “obiter dictum,” commonly referred to as “dicta,” as “[a] judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not prec-edential (though it may be considered persuasive)”); see also McDaniel v. Sanchez, 452 U.S. 130, 141, 101 S.Ct. 2224, 68 L.Ed.2d 724 (1981) (“dictum unnecessary to the decision in [a] case ... [is] not controlling in this case”); Grantham v. Brown, 114 F.3d 1156, 1158 (Fed.Cir.1997) (“It is axiomatic that the language in [any case] must be read in light.of the facts and issues that were before the court when the language was written.”)
Although the majority’s statement is dicta, I further note that the majority provide no rationale for stating that the Court’s jurisdiction extends to matters not covered by a narrowly tailored NOA, or how a narrowly tailored NOA “presents” an issue to the Court for decision. See 38 U.S.C. §§ 7252 (Court’s jurisdiction is limited to the scope provided in § 7261), 7261(a) (Court has jurisdiction over issues “presented”, and “necessary to its decision”). Indeed, the Secretary even suggests in his briefing that an appellant should file a limited NOA in the first instance or amend a general NOA subsequent to its filing in order to limit the Court’s, jurisdiction over matters decided by the Board.
In sum, I believe the scope of our jurisdiction over multiple decisions noted in a published Board decision, but explicitly not part of a limited-scope NOA, remains an open question. Cf. Cacciola v. Gibson, 27 Vet.App. 45, 61-62 (2014) (Kasold, C.J., concurring in the result) (noting that the Board frequently renders multiple decisions in an issued decision and concurring that a general NOA places all adverse, *294 final decisions contained in an issued Board decision on appeal).